Saul S. Streit, J.
This is an article 78 proceeding in which petitioner seeks to set aside the disapproval by respondent, the Superintendent of Insurance of the State of New York, of petitioner’s proposed premium manual on the ground that the premium rates therein listed for title insurance do not include petitioner’s charges for title examination preceding the issuance of the insurance.
Petitioner contends that respondent has no statutory or other authority to fix rates for title examinations, since they do not involve any element of insurance. It calls attention to the fact that section 432 of the Insurance Law, in effect, provides that the examination of titles does not constitute the doing of an insurance business, as distinguished from the making and guaranteeing of searches and the insurance of property owners against loss by reason of defective titles and incumbrances, which are expressly stated to constitute the doing of an insurance business. Petitioner accordingly urges that respondent has no jurisdiction over the charges made for the examina *1013 tions and may not compel it to include its charges for such examinations in its proposed premium manual.
The answering papers reveal, however, without denial, that until petitioner submitted its proposed rate schedule on January 15,1960, the premium manuals filed by every title insurer, including petitioner, had listed all charges, including charges for title examination, as integral parts of the rates therein listed. No part of the total charge for title insurance had ever been omitted previously. Respondent points out that a title examination is a necessary condition precedent to the issuance of a title policy, and that as to the overwhelming majority of title insurance policies written by petitioner, the title examination is made solely for petitioner’s benefit rather than at the request of the applicant. Attention is also called to the fact that it is not the practice of petitioner or any other domestic title insurer, in its billings to applicants, to designate a portion of its charge as applicable to the cost of title examination. It is also pointed out that, if petitioner’s proposed premium manual were approved, 77 of the total charges involved in connection with the issuance of title policies would be exempted from regulation by respondent.
Respondent has found, on the basis of the foregoing circumstances and others, that where title insurance is issued, the cost of the title examination upon which the insurer relies in issuing its policy is an integral part of the charge for such title insurance, and that the cost of the title examination, in such a case, cannot reasonably and realistically be treated as a separable and independent item, beyond the regulatory powers of respondent. Petitioner’s attempt to divide the total charge made by it into (1) insurance premiums and (2) cost of title examination is found by respondent to be arbitrary and unreasonable. Although the expense of examining a title remains approximately constant, regardless of the amount of insurance involved, petitioner’s charges for title examination, as well as its so-called insurance premiums, rise as the amount of insurance increases. This is a circumstance which tends strongly to support respondent’s determination that petitioner’s charges for title insurance necessarily include its charges for the title examination made in order to determine whether or not to issue the insurance.
In the court’s opinion, there is ample and substantial basis for respondent’s determination that petitioner’s charge for title examination, in connection with the issuance by it of title insurance, is an integral part of the charge made for such title insurance and must be listed as part of such charge in the premium manual filed by petitioner. Petitioner’s papers fail to establish *1014 that respondent’s ruling is arbitrary, capricious, or unreasonable. It is in accord with the custom and usage which have prevailed up to the time petitioner filed its rate schedule in 1960, and it is, in addition, in accord with the practical realities of the situation. Petitioner’s attempt to make an allocation between that part of its total charge which it ascribes to insurance and that part which it ascribes to cost of title examination is clearly arbitrary, as evidenced by the fact that the charge allocated by petitioner for title examination increases as the amount of the policy of insurance increases, notwithstanding the fact that the cost of title examination is not affected by the amount of the policy. Petitioner’s arbitrary distinction between title examination and insurance premium is clearly designed to circumvent respondent’s power and duty to regulate insurance charges and rates and, if allowed to prevail, would, in effect, nullify respondent’s regulatory powers over title insurance rates.
It is important to note that respondent is not attempting to regulate petitioner’s rates for title examination in cases where petitioner is not called upon to issue a guaranteed search or a title policy. Eespondent is merely asserting his statutory right and duty to regulate petitioner’s rates for title examination in situations where a title policy is to be issued by petitioner and where the charge for the title examination necessary to enable petitioner to issue a policy is an integral and inseparable part of the total cost of the title insurance. Motion denied.